**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ROBERT PAGE, *individually and in* )
*the interest of* M.G.P.,                        )
                                                                )
             Plaintiff,                                )
                                                                )
        vs.                                                 )        Case No. 4:25-cv-1132-MTS
                                                                )
ST. CHARLES R-VI SCHOOL                )
DISTRICT,                                             )
                                                                )
             Defendant.                             )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Robert Page's Motion to Proceed Informa Pauperis, Doc. [14], and Interested Party Missouri Administrative Hearing Commission (the "Commission")'s Motion for Continued Sealing, Doc. [9]. Plaintiff brings this action challenging an adverse decision reached by the Missouri Hearing Commission related to his minor daughter's Individualized Education Plan ("IEP"), which Defendant St. Charles R-VI School District administers. Doc. [5] ¶ 2–3. Plaintiff filed suit in the Circuit Court of St. Louis City pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(2), as well as Missouri Revised Statutes §§ 536.100, 536.150. *Id.* ¶ 4. Shortly after service, Defendant removed the action to this Court because Plaintiff's claims, at least in part, arise under federal law. Doc. [1] ¶¶ 6–8 (citing 28 U.S.C. §§ 1331, 1441(a)).

Defendant's removal renders Plaintiff's Motion to Proceed In Forma Pauperis moot at this juncture. After all, Plaintiff's Motion is more accurately an "Application to Proceed in District Court without Prepaying Fees or Costs." Doc. [14] at 1. When Defendant removed and initiated this action, *Defendant* paid the required filing fee, so there is nothing for Plaintiff

to pre-pay at this time. Therefore, the Court will deny Plaintiff's Motion as moot. *See, e.g.,* *Von Volkmann v. Samsung Elecs. Am., Inc.*, 2:25-cv-01991-KKE, 2025 WL 3173700, at *1 (W.D. Wash. Nov. 13, 2025) (denying plaintiff's motion as moot where removing defendant paid the filing fee); *Dunn v. Darnell*, 5:25-cv-00132-JWH, 2026 WL 321454, at *1 n.3 (N.D. Tex. Feb. 6, 2026) (same); *Espinoza v. Bill & Melinda Gates Found.*, 1:22-cv-00184-AMD-LB, 2022 WL 4368267, at *1 n.1 (E.D.N.Y. Sept. 21, 2022) (same).

Turning to the Commission's Motion, the Court finds it well taken. The Commission asks the Court to maintain the administrative record of Plaintiff's underlying challenge regarding his daughter's IEP under seal. According to the Commission, the record is "so replete with references to the student, including [her] educational and personal health information, that redaction is unfeasible." Doc. [9] ¶ 4. Additionally, the Commission notes that IEP-related records are subject to confidentiality requirements under the IDEA and the Missouri State Plan for Special Education. *Id.* ¶ 5 (first citing 20 U.S.C. § 1417(c); then citing 34 C.F.R. §§ 300.610–627; and then citing Mo. State Plan for Special Educ. 2023, Part B, Reg. II). Plaintiff opposes the Commission's Motion. He argues that the public has a presumptive right to access judicial records, and he contends that redaction is the appropriate remedy to protect his daughter's sensitive information. Doc. [18] 2–3.

True, "there is a common-law right of access to judicial records, but that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 597–98 (1978)). Determining the precise contours of that right in a given case "requires a weighing of competing interests." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). The "right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of

- 2 -

judicial proceedings, and to keep a watchful eye on the workings of public agencies." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (internal citations omitted). However, those interests must be balanced "against the salutary interests served by maintaining confidentiality of the information sought to be sealed," *id.* at 1223, and the presumption of access "may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so," *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

In the IDEA context, the administrative record pertaining to a parent's underlying challenge is relevant to that parent's corresponding civil action. Thus, the right of public access merits some amount of weight. *See Woods v. City of St. Louis*, 4:24-cv-00868-MTS, 2025 WL 40759, at *2 (E.D. Mo. Jan. 7, 2025) (observing that the right of public access carries some weight "when the information at issue is relevant to the ultimate resolution of the lawsuit" given the public's interest in "evaluat[ing] the reasonableness and fairness of [the proceeding]'" (quoting *IDT*, 709 F.3d at 1222)). However, given the sensitive nature of the information at issue, the fact that the information pertains to a minor, the applicability of IDEA's confidentiality provisions as well as other statutory privacy protections, *see* 20 U.S.C. § 1232(g) (setting forth provisions of the Family Education Rights and Privacy Act), the amount of sensitive information involved, and the burdensome task of identifying and redacting that information, the Court concludes that there are "compelling reasons" to maintain the entirety of the administrative record under seal. *See Flynt*, 885 F.3d at 511; *see also, e.g., J.C. ex rel. M.C. v. Sch. Bd. of St. Johns Cnty.*, 3:14-cv-1225-JBT, 2015 WL 13735451, at *1 (M.D. Fla. Jan. 14, 2015) (finding "good cause exists to seal the administrative record because redaction . . . would be unduly burdensome, and because the record consists largely of an

- 3 -

allegedly disabled minor's educational records which are confidential under IDEA"); *S.W. ex rel. A.W. v. N.Y.C. Dep't of Educ.*, 1:22-cv-3592-LGS, 2023 WL 5803415, at *10 (S.D.N.Y. Sept. 7, 2023) (concluding, in an IDEA case, that a minor's privacy interest outweighed the presumption of public access and filing the entire record under seal was appropriately tailored to protect those privacy interests).  Therefore, the Court will grant the Commission's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis, Doc. [14], is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Interested Party Missouri Administrative Hearing Commission's Motion for Continued Sealing of the Administrative Record, Doc. [9], is **GRANTED**.  *See* E.D. Mo. L.R. 13.05(A)(1), (h).

**IT IS FINALLY ORDERED** that the Clerk of Court shall maintain Documents [10], [11], [12], and [16] under seal indefinitely.

Dated this 31st day of March 2026.

 

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE