UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT PAGE, individually and in the interest of M.G.P., | ) | |
| Petitioners, | ) | |
| v. | ) | Case No. 4:25 CV 1132 RWS |
| ST. CHARLES R-VI SCHOOL DISTRICT, | ) | |
| Respondent, | ) | |

**MEMORANDUM AND ORDER**

Petitioner Robert Page filed this suit in state court seeking a judicial review, pursuant to the Individuals with Disabilities Education Act ("IDEA"), of the Administrative Hearing Commission's dismissal of his due process complaint. On July 28, 2025, Respondent St. Charles R-VI School District (the "School District") removed the case to this Court. On July 31, 2026, the School District filed a motion for summary judgment asserting that Page lacks standing to initiate or maintain an IDEA due process proceeding. Because Page lacks standing to pursue this claim I will grant the School District's motion for summary judgment.

***Background***

Page is the biological father of minor MGP. On April 17, 2025, Page filed a Due Process Hearing Request with the Missouri Department of Education and

Secondary Education – Division of Learning Services – Office of Special Education. Page asserted a due process challenge to the School District's education plan for MGP and his access to MGP's education records. Page's hearing request was submitted to Missouri's Administrative Hearing Commission (the "Commission") which has statutory authority to hear specified matters including due process claims under the IDEA. RSMo § 621.015, 20 U.S.C. § 1415.

A month later, on May 14, 2025, the Circuit Court of St. Charles County, Family Court, Division 14, State of Missouri, issued a Judgment and Decree of Modification of Paternity. The order stated that Page and MGP's mother were unable to agree on educational services, medical care and treatment, and appropriate activities for MGP. The order noted that Page "engaged in actions to inhibit or prevent the minor child from receiving the educational and meal benefits available to the minor child" at school. ECF No. 25-1 at ¶ 8. The family court judge found that Page "has established a pattern of interfering or preventing the minor child from having consistent healthcare, and educational programming along with meal services." Id. at ¶ 9. According to the order, Page has threatened legal action against doctors and healthcare providers if they treat MGP; Page unilaterally removed MGP from her school district summer education program in 2023; Page continues to deny the MGP's medical diagnosis and prevents further testing despite the recommendation of a physician; and Page uses progressive discipline at home

which includes the use of a belt to strike MGP and Page allows his grandmother to also strike MGP with a belt. Id. at ¶¶ 19-23. Based on the foregoing, the family court judge awarded MGP's mother sole legal and physical custody of MGP, including the exclusive authority to make educational decisions concerning MGP. Id. at ¶¶ 29, 30-33.

On May 16, 2025, two days after the family court issued its decision awarding sole legal custody of MGP to her mother, the School District filed a motion with the Commission to dismiss Page's request for a due process hearing. ECF No. 10-1 ¶ 6. The School District asserted that Page lacked standing to pursue a hearing because Page no longer had any legal authority to make educational decisions for MGP.

On May 27, 2025, the Commission granted the School District's motion to dismiss. ECF No. 25-2. The Commission dismissed Page's due process complaint based on Page's lack of standing. The Commission's order stated that the IDEA's "implementing regulations provide that a parent may file a due process complaint on behalf of a child with a disability. 34 C.F.R. § 300.507(a)(1)." Id. at 1. However, the Commission noted that '"If a judicial decree . . .

identifies a specific person or persons . . . to act as the 'parent' of a child or to make educational decisions on behalf of the child, then such person or persons shall be determined to be the 'parent' for purposes of this section."' Id. at 2,

(quoting 34 C.F.R. § 300.30(b)(2)). The Commission acknowledged that "legal custody" may be awarded to one parent who then has the sole '"decision-making rights, responsibilities, and authority relating to the health, education and welfare of the child."' Id. (quoting Hall v. Utley, 443 S.W.3d 696, 703 (Mo. App. W.D. 2014) and citing RSMo § 452.375). The Commission stated that when state law awards one parent sole legal custody, the non-custodial parent may not use the IDEA administrative process to challenge the educational decisions of the custodial parent. Id. (citing Smith v. Meeks, 225 F. Supp.3d 696, 703 (N.D. Ill. 2016). The Commission concluded that Page lacked standing to pursue a due process IDEA claim because MGP's mother was granted sole decision-making rights pertaining to MGP's education.

On June 27, 2025, Page filed a petition for review of the Commission's decision in the Circuit Court of St. Louis City, Missouri. Respondent School District removed the case to this Court. On July 31, 2026, the School District filed a motion for summary judgment based on Page's lack of standing. Page opposes the motion.

***Legal Standard***

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

***Discussion***

The issue in this matter is whether Page is an authorized parent under the IDEA and whether he has standing for the purpose of pursuing a due process complaint on behalf of himself and MGP. The Commission ruled that he was not an authorized parent and that he did not have standing. I agree with the Commission's analysis. The IDEA authorizes only a "parent" to initiate due process proceedings. 20 U.S.C. §1415(b)(6); 34 C.F.R. §300.507(a). The IDEA's implementing regulations provide that when a judicial decree identifies a person

authorized to make educational decisions for a child, that person – and not the biological parent lacking such authority – is the "parent" for IDEA purposes. See 34 C.F.R. § 300.30(b). Pursuant to the May 14, 2025 family court judgment, MGP's mother was granted sole legal and physical custody of MGP, including the exclusive authority to make educational decisions concerning MGP. As a result, Page, the non-custodial parent, lacks standing to pursue due process proceedings to challenge the educational decisions made for MGP and lacks standing to seek judicial review of the Commission's decision in this Court.

In his opposition brief Page asserts that he does have standing because, at the time he filed his request for a hearing with the Commission, he and his wife had joint custody of MGP. However, a month later after he filed his hearing request, the family court issued a judgment that awarded sole legal and physical custody of MGP to her mother. At that point Page lost any legal authority to make educational decisions because he is not a "parent" within the meaning of the IDEA and lacks statutory standing to invoke IDEA administrative procedures. Although Page may initially have had standing to pursue the administrative hearing that standing was lost after the new custody judgment was entered. Likewise, Page lacks standing to bring his request for review of the Commission's decision in this Court. See Hollingsworth v. Perry, 570 U.S. 693, 705 (2013) ("Most standing cases consider whether a plaintiff has satisfied the requirement when filing suit, but

Article III demands that an actual controversy persist throughout all stages of litigation.")(cleaned up). For the same reason Page lost standing to continue to pursue the administrative due process proceeding before the Commission he also lacks standing to pursue this appeal of the Commission's decision.

Accordingly,

**IT IS HEREBY ORDERED that** Respondent St. Charles R-VI School District's motion for summary judgment [24] is **GRANTED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2026.